ORDERED.

Dated: February 18, 2020

_____
Michael G. Williamson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                              Case No. 19-bk-05842-MGW

Fresh Alternatives, LLC,                            Chapter 11

    Debtor.
_____/

**ORDER APPROVING DISCLOSURE STATEMENT AND
CONFIRMING CHAPTER 11 PLAN OF REORGANIZATION**

This matter came before the Court for hearing on February 5, 2020 (the "Confirmation Hearing") to consider final approval of the *Debtor's Disclosure Statement in Support of Plan of Reorganization* (the "Disclosure Statement") [ECF No. 91] and confirmation of the *Debtor's Plan of Reorganization* (together with any amendments or modifications thereto, the "Plan") [ECF No. 90] filed by debtor in possession, Fresh Alternatives, LLC (the "Debtor").

{2304/000/00489812}                                 1

The Court, having considered the Disclosure Statement, the Plan, the *Confirmation Affidavit by Phil Birkhold* (the "Confirmation Affidavit") [ECF No. 109], the *Notice of Filing Assumption List* [ECF No. 102] (the "Assumption List"), the evidence presented, the proffered testimony of Phil Birkhold, the statements and representations of counsel, and pursuant to Bankruptcy Rule 7052, makes the following findings of fact and conclusions of law:

### Findings of Fact and Conclusions of Law

A. Adequate and sufficient notice, as required pursuant to the Bankruptcy Rules and the Court's *Order Conditionally Approving Disclosure Statement, Fixing Time To File Objections To The Disclosure Statement, Fixing Time To File Applications For Administrative Expenses, Setting Hearing On Confirmation Of The Plan, And Setting Deadlines With Respect To Confirmation Hearing* [ECF No. 92] was provided to all known creditors, equity security holders, the Office of the U.S. Trustee, and other parties in interest of: (1) the Plan; (2) the deadline to file and serve objections to confirmation of the Plan; (3) the deadline for voting on the Plan; and (4) the hearing on approval of the confirmation of the Plan.

### Jurisdiction and Venue

B. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the District Court's general order of reference. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

### Adequate Information

C. The Disclosure Statement contains "adequate information" regarding the Plan in accordance with 11 U.S.C. § 1125(a).

**11 U.S.C. § 1129(a)(1)**

D.     The Plan complies with the applicable provisions of the Bankruptcy Code, including without limitation 11 U.S.C. §§ 1122, 1123, 1125, and 1129 with respect to all classes of Claims and Interests under the Plan and, therefore, the provisions of 11 U.S.C. § 1129(a)(1) have been satisfied.[1]

**11 U.S.C. § 1129(a)(2)**

E.     The Debtor, the proponent of the Plan, has complied with the applicable provisions of the Bankruptcy Code.  Accordingly, the requirements of 11 U.S.C. § 1129(a)(2) have been satisfied.

**11 U.S.C. § 1129(a)(3)**

F.     The Plan has been proposed in good faith and not by any means forbidden by law.  Accordingly, the requirements of 11 U.S.C. § 1129(a)(3) have been satisfied.

**11 U.S.C. § 1129(a)(4)**

G.     Any payments made or to be made by the Debtor, or by a person issuing securities or acquiring property under the Plan, for services or for costs and expenses in or in connection with the case, or in connection with the Plan and incident to the case, have been approved by, or are subject to the approval of, this Court as reasonable.  Accordingly, the requirements of 11 U.S.C. § 1129(a)(4) have been satisfied.

**11 U.S.C. § 1129(a)(5)**

H.     The Debtor, as the proponent of the Plan, has disclosed the identity and affiliations of the individuals proposed to continue to serve as a director or officer, if any, of the Reorganized Debtor.  The appointment to, or continue in, such office of such individuals is

---

[1] Unless otherwise defined, any capitalized terms herein shall have the same meaning ascribed to them in the Plan.

consistent with the interests of creditors and equity security holders and with public policy. Accordingly, the requirements of 11 U.S.C. § 1129(a)(5)(A) have been satisfied.

I.    The Debtor, as the proponent of the Plan, has disclosed the identity of any insider that will be employed or retained by the Reorganized Debtor, if any, and the nature of any compensation for such insider. Accordingly, the requirements of 11 U.S.C. § 1129(a)(5)(B) have been satisfied.

### 11 U.S.C. § 1129(a)(6)

J.    No governmental regulatory commission has jurisdiction over the rates of the Reorganized Debtor. Accordingly, 11 U.S.C. § 1129(a)(6) is not applicable.

### 11 U.S.C. § 1129(a)(7)

K.    The Plan treats Classes 1, 2, 3, 5, and 7 as Impaired. Classes 4 and 6 are Unimpaired and are therefore deemed to have accepted the Plan. Class 8 Allowed Equity Interests is Impaired and is therefore deemed to have rejected the Plan. Classes 1, 2, and 7 voted and accepted the Plan.

L.    With respect to each Impaired Class of Claims or Interests, each holder of an Interest or Clam has either accepted the Plan, consented to the Plan, or will receive or retain, under the Plan on account of such claim or interest, property of a value, as of the Effective Date of the Plan, that is equal to its respective allowed claim and is not less than the amount that such holder would receive or retain if the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date. Accordingly, the requirements of 11 U.S.C. § 1129(a)(7) have been satisfied with respect to each Impaired Class of Claims or Interests.

**11 U.S.C. § 1129(a)(8)**

M.      Classes 1, 2, and 7 are Impaired and have voted and accepted the Plan. Classes 4 and 6 are Unimpaired and are therefore deemed to have accepted the Plan.  Class 8 Allowed Equity Interests is Impaired and is therefore deemed to have rejected the Plan.

N.      Classes 3 and 5 are Impaired and did not vote to accept or reject the Plan. However, pursuant to 11 U.S.C. § 1129(b)(1), the Court shall confirm the Plan notwithstanding the requirements of § 1129(a)(8) "if the plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan." 11 U.S.C. § 1129(b)(1).  The Court finds that the Plan does not discriminate unfairly, and is fair and equitable, with respect to Classes 3 and 5 because: (1)(a) the holders of the claims in Classes 3 and 5 retain the liens securing such claim, to the extent of the allowed amount of such claim, and (1)(b) the holders of the claims in Classes 3 and 5 receive on account of such claim deferred cash payments totaling at least the allowed amount of such claim of a value, as of the Effective Date, of at least the value of such holder's interest in the estate's interest in such property; and (2) the holders of claims in Classes 3 and 5 realize the indubitable equivalent of such claim through the Plan.

O.      Accordingly, the requirements of 11 U.S.C. § 1129(a)(8) have not been satisfied with respect to Classes 3 and 5; however, the Court finds and determines that the Plan is nonetheless confirmable under 11 U.S.C. § 1129(b)(1).

**11 U.S.C. § 1129(a)(9)**

P.      The Plan provides that all Allowed Priority Claims, Allowed Unsecured Priority Claims, and Allowed Administrative Claims are to be paid on the Effective Date, the date on which such claims becomes payable pursuant to Final Order of the Court, or as otherwise

provided in the Plan. Accordingly, the requirements of 11 U.S.C. § 1129(a)(9) have been satisfied.

**11 U.S.C. § 1129(a)(10)**

Q. The Plan treats Classes 1, 2, 3, 5, 7, and 8 as Impaired. Classes 1, 2, and 7 voted in favor of the Plan, and therefore have accepted the Plan. Accordingly, based upon the acceptance of Classes 1, 2, and 7, the requirements of 11 U.S.C. § 1129(a)(10) have been satisfied with respect to one Impaired Class of Claims accepting the Plan, not including acceptance of the Plan by any Insiders.

**11 U.S.C. § 1129(a)(11)**

R. The Plan is feasible based on, among other things, the New Value Payment as described in the Plan and Disclosure Statement. Thus, confirmation of the Plan is not likely to be followed by any liquidation, or the need for further financial reorganization of the Debtor or any successors to the Debtor under the Plan, except to the extent proposed in the Plan. Accordingly, the requirements of 11 U.S.C. § 1129(a)(11) have been satisfied.

**11 U.S.C. § 1129(a)(12)**

S. The Plan provides for payment in full of all U.S. Trustee fees payable under 28 U.S.C. § 1930 and all fees payable under Section 1930 of Title 28. To the extent any fees remain due and owing, they will be paid on the Effective Date of the Plan. Accordingly, the requirements of 11 U.S.C. § 1129(a)(12) have been satisfied.

**11 U.S.C. § 1129(a)(13)**

T. The Debtor has no retirement plan, and the Debtor therefore has no obligation to provide retiree benefits. Accordingly, 11 U.S.C. § 1129(a)(13) is not applicable.

### 11 U.S.C. § 1129(a)(14)-(16)

U.     11 U.S.C. § 1129(a)(14), (15), and (16) do not apply to this case because these provisions apply either to an individual debtor, or to nonprofit corporations and trusts. Accordingly, 11 U.S.C. § 1129(a)(14)-(16) are not applicable.

### Oral Findings Incorporated by Reference

V.     The Court's oral findings of fact and conclusions of law announced on the record at the Confirmation Hearing are incorporated by reference herein.

### Requirements for Confirmation Satisfied

W.     All of the requirements for Confirmation under 11 U.S.C. § 1129 have been satisfied.  Confirmation of the Plan is in the best interests of the Debtor's Estate, its creditors, its equity security holders and all other parties in interest.

It is therefore **ORDERED AND ADJUDGED** that:

1.     The Plan, as modified herein, is **CONFIRMED** and **APPROVED** in all respects.

2.     The Disclosure Statement is **APPROVED** on a final basis.

3.     Any and all objections to confirmation of the Plan or final approval of the Disclosure Statement not withdrawn or otherwise addressed in this Order are expressly **OVERRULED**.

4.     The Findings of Fact and Conclusions of Law set forth above shall constitute findings of fact and conclusions of law of this Court pursuant to Bankruptcy Rule 7052.  To the extent any finding of fact shall later be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law later shall be determined to be a finding of fact, it shall be so deemed.

5. Notice was adequate and sufficient under the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and Orders of this Court, and the Due Process Clause of the United States Constitution.

6. The Effective Date shall occur upon this Order becoming final and non-appealable, and all conditions precedent to the Effective Date set forth in section 9.01 of the Plan being satisfied or waived pursuant to the terms of the Plan.

7. The Reorganized Debtor is authorized and directed to take all actions necessary or appropriate to enter into, implement, and consummate the contracts, instruments, releases, settlements, and other agreements or documents created in connection with the Plan.

8. The leases set forth in Art. VII, § 7.01 of the Plan and the Assumption List are hereby **ASSUMED**.[2]

9. Any party to a contract or lease rejected pursuant to the Plan with a claim for rejection damages ("Rejection Claim") may file with the Court a claim within fifteen (15) days from the date of entry of this Order and serve a copy on the Debtor' counsel ("Rejection Claim Bar Date").  The Debtor shall have fifteen (15) days from receipt thereof to file an objection to such Rejection Claim. **ANY CREDITOR WHO FAILS TO FILE A REJECTION CLAIM ON OR BEFORE THE REJECTION CLAIM BAR DATE WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH REJECTION CLAIM AGAINST THE DEBTOR AND ITS ESTATE, AND THE DEBTOR AND ITS CHAPTER 11 ESTATE, SUCCESSOR, AND PROPERTY WILL BE FOREVER**

---

[2] Art. VII, § 7.01 of the Plan and the Assumption List are hereby modified to correct a scrivener's error in an address description.  The list incorrectly includes 410 Citi Centre St., Winter Haven, Florida 33880.  The correct address is 416 Citi Centre St., Winter Haven, Florida 33880.  Accordingly, the Debtor's unexpired non-residential lease for premises located at 416 Citi Centre St., Winter Haven, Florida 33880 is hereby assumed.

**DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO SUCH CLAIM. IN ADDITION, THE HOLDER OF SUCH REJECTION CLAIM SHALL NOT BE PERMITTED TO PARTICIPATE IN ANY DISTRIBUTION IN THE CHAPTER 11 CASE ON ACCOUNT OF SUCH CLAIM, OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.**

10. Such documents that may be necessary or appropriate to effectuate the Plan are **APPROVED**.

11. On the Effective Date, the Reorganized Debtor shall be Fresh Alternatives, LLC.

12. On the Effective Date, the adoption and filing, as applicable, of the Reorganized Debtor' bylaws, the amended and restated operating agreement, the appointment of officers of the Reorganized Debtor, if any, and all actions contemplated hereby shall be deemed authorized and approved in all respects pursuant to the Plan.

13. *Except as otherwise provided herein or in the Confirmation Order, the rights afforded herein and the treatment of all Claims and Equity Interests herein shall be in exchange for and in complete satisfaction, discharge and release of Claims and Equity Interests of any nature whatsoever, including any interest accrued on such Claims from and after the Commencement Date, against the Debtor and the Debtor in Possession, the Estate, or any of the assets or properties under the Plan. Except as otherwise provided herein, (i) on the Effective Date, all such Claims against the Debtor, and Equity Interests in the Debtor shall be satisfied, discharged and released in full, and (ii) all Persons shall be precluded and enjoined from asserting against the Reorganized Debtor, its successors, its assets or properties, any other or further Claims or Equity Interests based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Confirmation Date, whether or*

*not such holder has filed a proof of claim or proof of equity interest and whether or not such holder has voted to accept or reject the Plan. Notwithstanding the foregoing, nothing in the Plan shall release, discharge, enjoin or preclude any Claim that has not arisen as of the Effective Date that any governmental unit may have against the Debtor and nothing in the Plan shall release, nullify or enjoin the enforcement of any liability to a governmental unit under environmental statutes or regulations that any entity would be subject to as the owner or operator of property after the date of entry of the Confirmation Order.*

14. *Except as otherwise expressly provided in the Plan, the Confirmation Order or a separate order of the Court, all Persons who have held, hold or may hold Claims against the Debtor, or Equity Interests in the Debtor, are permanently enjoined, on and after the Effective Date, from (i) commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Claim or Equity Interest, (ii) enforcing, attaching, collecting or recovering by any manner or means of any judgment, award, decree or order against the Debtor, on account of any such Claim or Equity Interest, (iii) creating, perfecting or enforcing any Lien or asserting control of any kind against the Debtor or against the property or interests in property of the Debtor on account of any such Claim or Equity Interest, and (iv) asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from the Debtor or against the property or interests in property of the Debtor on account of any such Claim or Equity Interest. Such injunctions shall extend to successors of the Debtor (including, without limitation, the Reorganized Debtor) and their respective properties and interests in property.*

15. *Effective upon the Effective Date, the Plan, and the provisions and distributions set forth therein and herein, is a full and final settlement and compromise of all Claims and*

*causes of action, whether known or unknown, that holders of Claims against the Debtor, and holders of Equity Interests in the Debtor, may have against the Debtor. In consideration of the obligations of the Debtor and the Reorganized Debtor, under this Plan, the securities, contracts, instruments, releases and other agreements or documents to be delivered in connection with the Plan, each holder of a Claim against the Debtor, or Equity Interest in the Debtor, shall be deemed, on the Effective Date, to forever release, waive and discharge all Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action and liabilities (other than the rights to enforce the Debtor' or the Reorganized Debtor' obligations under this Plan and the securities, contracts, instruments, releases and other agreements and documents delivered thereunder) whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise that are based in whole or in part on any act, omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtor, the Chapter 11 case or the conduct thereof, or the Plan.*

16. Unless otherwise provided in the Plan or this Order, all injunctions or stays provided for in the Bankruptcy Case under sections 105 or 362 of the Bankruptcy Code or otherwise, and extant on the Confirmation Date, shall remain in full force and effect until the Effective Date.

17. This Order is in recordable form, and shall be accepted by any filing or recording officer or authority of any applicable governmental unit for filing and recording purposes without further or additional orders, certifications, or other supporting documents.

18. Pursuant to section 1146(a) of the Code, the issuance, transfer or exchange of notes or equity securities under the Plan, creation of any mortgage, deed of trust or other security

interest, the making or assignment of any lease or sublease, or the making or delivery of any instrument of transfer under, in furtherance of, or in connection with the Plan, any merger agreements or agreements of consolidation, deeds, bills of sale or assignments, or any other documents executed in connection with any of the transactions contemplated by the Plan, and related loan and security documents, shall not be subject to any stamp, real estate transfer, mortgage recording, or other similar tax.

19. On the Effective Date, all matters provided for under the Plan that would otherwise require approval of the directors or members of the Debtor or Reorganized Debtor or their successors in interest under the Plan shall be deemed to have occurred and shall be in full force and effect from and after the Effective Date pursuant to the applicable general corporation law, without any requirement of further action by the members or directors of the Debtor or Reorganized Debtor.

20. Under Sections 105(a) and 1142 of the Bankruptcy Code, and notwithstanding entry of this Order and occurrence of the Effective Date, and except as otherwise ordered by the Court, the Court shall retain exclusive jurisdiction over all matters arising out of, and related to, the above-referenced bankruptcy case and the Plan to the fullest extent permitted by law, including, without limitation, to the matters set forth in Article X of the Plan.

21. Notwithstanding Bankruptcy Rule 3020(e), this Order shall be immediately effective, subject to the terms and conditions of the Plan.

22. The Debtor shall pay the U.S. Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6) on the Effective Date. The Debtor shall file its post-confirmation quarterly operating reports. Notwithstanding anything contained in the Plan to the contrary, the Debtor shall further pay the U.S. Trustee the appropriate sum required pursuant to 28 U.S.C. §

1930(a)(6) for post-confirmation periods within the time periods set forth in 28 U.S.C. § 1930(a)(6) until the earlier of the closing of this case by the issuance of a Final Decree by the Bankruptcy Court, or upon entry of an order of this Bankruptcy Court dismissing the case, or converting this case to another chapter under the United States Bankruptcy Code, and the Debtor shall provide to the U.S. Trustee, upon the payment of each post-confirmation payment, a quarterly report and appropriate affidavit indicating income and disbursements for the relevant periods.

23. The Debtor shall serve a copy of this Order upon all parties entitled to notice thereof pursuant to Bankruptcy Rule 3020(c) and Local Rule 3020-1(c)(2), and shall file a certificate of service with the Court.

24. Attached as **Exhibit A** is a schedule summarizing the timing and amount of payments to be made to each class of creditors under the Plan, as required by Local Rule 3020-1(c)(1).

25. The Court will hold a post-confirmation status conference on **April 8, 2020 at 9:30 a.m.** in Courtroom 8A, Sam M. Gibbons U.S. Courthouse, 801 North Florida Avenue, Tampa, Florida 33602.

###

Submitted by:

Bradley Shraiberg, Esq.
**SHRAIBERG, LANDAU & PAGE, P.A.**
Attorneys for the Debtor
2385 NW Executive Center Drive, #300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047
Email: bss@slp.law

*Bradley S. Shraiberg is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this order.*

# EXHIBIT A

## CREDITORS TO BE PAID PURSUANT TO THE PLAN

| Claimant | Claim Amount | Type of Claim | POC No. | Amount to be Paid Pursuant to the Plan |
|---|---|---|---|---|
| UST Fees | N/A | Admin. | N/A | 100% of Allowed Claim |
| SLP | $69,954.48 | Admin. | N/A | 100% of Allowed Claim |
| Banyan Mezzanine Fund, L.P. | $750,000 | Secured – Class 1 | N/A | In exchange for the New Value Payment, including forgiveness of $681,250.00 in secured debt, BM Fund shall receive 11.89% of New Equity in the Reorganized Debtor. The Reorganized Debtor shall assume $68,750.00 of the Allowed BM Fund Secured Claim and, on the Effective Date, will enter into a promissory note with BM Fund for the repayment of this indebtedness. |
| Banyan Mezzanine Fund II, L.P. | $4,000,000 | Secured – Class 2 | N/A | In exchange for the New Value Payment, including forgiveness of $3,568,750.00 in secured debt, BM Fund II shall receive 64.00% of New Equity in the Reorganized Debtor. The Reorganized Debtor shall assume $431,250.00 of the Allowed BM Fund II Secured Claim and, on the Effective Date, will enter into a promissory note with BM Fund for the repayment of this indebtedness. |
| Us Foods, Inc. | $97,670.15 | Secured – Class 3 | POC No. 11 | On the Effective Date, in full satisfaction, settlement, release, extinguishment and discharge of such Claim, the holder of the Allowed US Foods Secured Claim shall receive three equal, consecutive monthly payments to provide a 100% distribution. |
| Downtown Discount Produce, Inc. | $10,077.97 | Critical Vendor – Class 5 | N/A | The holder of the Allowed Downtown Discount Produce Claim shall receive, in full satisfaction, settlement, release, extinguishment and discharge of such Claim, payment of 100% of the Allowed Amount of such Claim as follows: The Debtor shall pay half of the Allowed Downtown Discount Produce Claim on the Effective Date and shall pay the second half thirty days thereafter. |
| Internal Revenue Service | $2,438.48 | Priority – Class 6 | POC No. 1-3 | On the Effective Date, the Internal Revenue Service shall be paid 100% of its claim in full satisfaction, settlement, release, extinguishment and discharge of such Claim. |

**Class 7 – General Unsecured Claims**

| Claimant | Estimated Amt. of Claim | POC No. | Plan Treatment | Estimated Percentage Distribution | Estimated Amount to Be Paid |
|---|---|---|---|---|---|
| Annie D. Rye | $7,361.46 | | Pro Rata Distribution of $25,000 | 0.66% | $165.67 |
| Accountemps | $10,985.94 | 3 | Pro Rata Distribution of $25,000 | 0.99% | $247.24 |
| Brixmor GA Cobblestone Village at St. Augustine, LLC | $445,084.37 | 10 | Pro Rata Distribution of $25,000 | 40.07% | $10,016.68 |
| Casto-Oakbridge Venture, LTD (Store #001) | $16,662.67 | | Pro Rata Distribution of $25,000 | 1.50% | $375.00 |
| Casto-Oakbridge Venture, LTD (Corp. Office) | $62,552.22 | 7 | Pro Rata Distribution of $25,000 | 5.63% | $1,407.75 |
| Centro GA Cobblestone Village at St. Aug | $58,025.60 | | Pro Rata Distribution of $25,000 | 5.22% | $1,305.87 |
| CH Retail Fund I/Tampa Brandon LLC | $16,455.90 | | Pro Rata Distribution of $25,000 | 1.48% | $370.34 |
| City of Clermont | $389.98 | | Pro Rata Distribution of $25,000 | 0.04% | $8.78 |
| Cloud Cover Media Inc. | $128.40 | | Pro Rata Distribution of $25,000 | 0.01% | $2.89 |
| Cozzini Brothers, Inc. | $332.63 | | Pro Rata Distribution of $25,000 | 0.03% | $7.49 |
| DDRTC Market Place LLC | $44,255.70 | | Pro Rata Distribution of $25,000 | 3.98% | $995.98 |
| Facility Concepts | $1,000 | | Pro Rata Distribution of $25,000 | 0.09% | $22.51 |
| Frank Gay Plumbing, Inc. | $1,676.59 | | Pro Rata Distribution of $25,000 | 0.15% | $37.73 |
| ISI Commercial Refrigeration, Inc. | $887.03 | | Pro Rata Distribution of $25,000 | 0.08% | $19.96 |

| | | | | | |
|---|---|---|---|---|---|
| Jolito, Inc. dba SSI Services | 9,031.46 | 6 | Pro Rata Distribution of $25,000 | 0.81% | $203.25 |
| KRG Northdale, LLC | $38,313.06 | | Pro Rata Distribution of $25,000 | 3.45% | $862.24 |
| Lakeland Electric | $3,628.02 | | Pro Rata Distribution of $25,000 | 0.33% | $81.65 |
| Lakeside Town Shops-Davie | $26,447.68 | | Pro Rata Distribution of $25,000 | 2.38% | $595.21 |
| Leland E. Hicks | $475.00 | | Pro Rata Distribution of $25,000 | 0.04% | $10.69 |
| Lucas Clermont Limited PA | $114,585.77 | 8 | Pro Rata Distribution of $25,000 | 10.32% | $2,578.77 |
| Miller Safe & Lock, Inc. | $737.81 | | Pro Rata Distribution of $25,000 | 0.07% | $16.60 |
| National Exemption Service | $566.36 | | Pro Rata Distribution of $25,000 | 0.05% | $12.75 |
| National Janitorial Solutions, Inc. | $2,025.40 | | Pro Rata Distribution of $25,000 | 0.18% | $45.58 |
| Office Depot | $45.42 | | Pro Rata Distribution of $25,000 | 0.00% | $1.02 |
| Pepsi - Cola | $2,337.74 | | Pro Rata Distribution of $25,000 | 0.21% | $52.61 |
| Protected Trust, LLC | $216.00 | | Pro Rata Distribution of $25,000 | 0.02% | $4.86 |
| Retail Equities LLC | $4,076.17 | | Pro Rata Distribution of $25,000 | 0.37% | $91.73 |
| Royal Cup Coffee and Tea | $2,697.61 | 2 | Pro Rata Distribution of $25,000 | 0.24% | $60.71 |
| SUSO 4 North Branch LP | $62,171.87 | | Pro Rata Distribution of $25,000 | 5.60% | $1,399.19 |
| The Garden Wholesale | $1,599.60 | 9 | Pro Rata Distribution of $25,000 | 0.14% | $36.00 |

| | | | | | |
|---|---|---|---|---|---|
| University Park - Phase I Associates | $65,797.86 | | Pro Rata Distribution of $25,000 | 5.92% | $1,480.79 |
| Walton Signage, Ltd. | $10,550.36 | 4 | Pro Rata Distribution of $25,000 | 0.95% | $237.44 |
| Waste Connections of Florida | $379.00 | | Pro Rata Distribution of $25,000 | 0.03% | $8.53 |
| Waste Pro USA - Jacksonville | $393.50 | | Pro Rata Distribution of $25,000 | 0.04% | $8.86 |
| Water Boy Inc | $7.49 | | Pro Rata Distribution of $25,000 | 0.00% | $0.17 |
| Waterford Lakes Town Center, LLC | $69,590.16 | | Pro Rata Distribution of $25,000 | 6.26% | $1,566.14 |
| Windstream | $7,215.27 | 5 | Pro Rata Distribution of $25,000 | 0.65% | $162.38 |
| Winter Haven Citi Centre | $22,170.65 | | Pro Rata Distribution of $25,000 | 2.00% | $498.95 |
| | $1,110,857.75 | | | 100.00% | $25,000.00 |